FULGHAM *v.* BURNETT *et al.*[*]

(Division A. June 11, 1928.)

[117 So. 514. No. 26956.]

*Corpus Juris-Cyc. References: Auctions and Auctioneers, 6CJ, p. 831, n. 10; Equity, 21CJ, p. 443, n. 19; Limitations of Actions, 37CJ, p. 1200, n. 15; Mortgages, 41CJ, p. 534, n. 80; p. 1031, n. 60; On validity of agreement to purchase property at judicial sale for joint benefit, see annotation in 20 L. R. A. 545; 38 L. R. A. (N. S.) 719; 6 R. C. L. 810; 5 R. C. L. Supp. 869.

*Hughes, Nobles & Lane,* for appellant.

114

*Wells, Stevens & Jones,* for appellee, Federal Land Bank of New Orleans.

*Hughes, Nobles & Lane,* in reply brief for appellant.

*Watkins, Watkins & Eager,* in reply brief for appellees.

McGowen, J. Appellant, Mrs. Allie Heard Fulgham, complainant in the court below, prosecutes the appeal here from a decree of the chancery court sustaining the demurrers to the bill of complaint filed by Mrs. Olivia Burnett *et al.* and the Federal Land Bank. The court below granted an appeal to settle the principles of the case.

The facts and essential allegations of the bill are conceded to be as follows:

"The appellant, Mrs. Allie Heard Fulgham, filed her bill of complaint in the chancery court of the Second judicial district of Hinds county, Miss., against the appellees, in which complainant charges that she is the daughter of Cicero Heard and his deceased wife, Yancie L. Heard, the latter departing this life some time prior to the 16th day of February, 1903, and that complainant and a sister, Ruby Heard, were the sole heirs at law of their deceased mother, Yancie L. Heard. That Yancie L. Heard, at the time of her death, was seized and possessed, in fee simple, of a one-fourth undivided interest in certain land described in the bill of complaint, and that complainant and her minor sister, upon the death

of their mother, became seized and possessed of a one-twelfth undivided interest each in the lands mentioned; that Ruby Heard, a sister of complainant, later married one John Carmichael; that, after Ruby's marriage to John Carmichael, she died, leaving her husband, John Carmichael, as her sole heir at law, who became vested with the title of his departed wife to a one-twelfth interest in the lands mentioned, and that, some time in the month of December, 1926, John Carmichael conveyed his one-twelfth interest in said lands to complainant. The bill then alleges that, on the date of filing same, complainant was vested with a complete legal and equitable title to a one-sixth interest in the lands described in the bill of complaint. The bill of complaint further alleges that on the 11th day of March, 1896, Cicero Heard and his wife, Yancie L. Heard, the father and mother of complainant, executed a deed of trust to J. N. Carpenter & Co., to secure a note and indebtedness in the sum of three thousand nine hundred seventy-one dollars and fifty-six cents, due and payable on or before the 1st day of December, 1896, and that the said deed of trust embraced all of the above-mentioned lands as security for said indebtedness. That on the 16th day of February, 1903, the trustee named in the deed of trust attempted to sell all of the said land to satisfy a small balance alleged to have been due on the said note and deed of trust, and that the trustee executed a trustee's deed to Dr. E. J. Burnett, in which the sum of one thousand eight hundred dollars was recited as being the consideration paid by Dr. E. J. Burnett at the trustee's sale.

"The bill of complaint then alleges that Dr. Burnett unlawfully conspired and entered into collusion with Cicero Heard for certain considerations agreed to refrain from appearing and bidding on the land when the same was to be sold at the trustee's sale. The bill alleges that Dr. E. J. Burnett, in consideration of Cicero Heard not bidding on said land at said sale, and permitting Dr.

E. J. Burnett to buy said land at a recited consideration of one thousand eight hundred dollars—that Dr. Burnett was to convey, and did convey, to Cicero Heard's wife, Sallie, whom the latter had married after the death of his first wife, Yancie L. Heard, for the benefit of Cicero Heard, a tract of land consisting of one hundred sixty acres at a recited consideration of two thousand eight hundred fifty dollars, but charges that the consideration, as a matter of fact was never paid, and that the conveyance to Sallie Heard was made to her as trustee for the benefit of Cicero Heard, and that Sallie Heard sold said land, and that all of the consideration paid for said land was paid to Cicero Heard. The bill then alleges that on the 14th day of February, 1903, Dr. Burnett approached T. H. Heard, the brother of complainant, and secured from him a quitclaim deed to this land, for which he paid the said Heard one hundred fifty dollars. This transaction was had four days before the date of the trustee's sale at which Dr. E. J. Burnett became the purchaser of all of this land. The bill alleges that the one hundred fifty dollars paid T. H. Heard was in consideration of the said T. H. Heard refraining from bidding on the said land at the trustee's sale.

"The bill also alleges that, at the time of the trustee's sale, the complainant and her sister, Ruby, were both minors of tender years. The bill also alleges that, at the time of the trustee's deed to Dr. E. J. Burnett, of date, of February 16, 1903, was void, and conveyed no title because the note secured by the deed of trust under which the attempted sale was made was barred by the six-year statute of limitations, that both the right and the remedy to sell under the said deed of trust were barred and extinguished.

"Then, in detail, the bill charges that complainant has never parted title, by deed of conveyance or otherwise, to her interest in the lands inherited from her mother, that she has never acquiesced in the possession or con-

veyances to Dr. E. J. Burnett or his vendees, nor, in any wise, ratified or confirmed said trustee's sale and trustee's deed thereunder. The bill charges further that, on the 1st day of May, 1924, Dr. Burnett undertook to convey these lands that he had bought at the alleged trustee's sale to his wife, Mrs. Olivia Burnett, but charges that the conveyance was without consideration, and that, at the time the same was made, Mrs. Olivia Burnett had actual knowledge of all of the infirmities and defects with which the said trustee's deed was affected, that she had actual knowledge of the fraudulent manner in which Dr. E. J. Burnett, her husband, had acquired title to these lands, and that she was not an innocent purchaser, for value, without notice. The bill of complaint specifically charges that each and all of the fraudulent acts set out were had and done with a common understanding that it was for the purpose of vesting the apparent legal title in Dr. E. J. Burnett and his assigns for the purpose of defeating the rights and title of complainant and her minor sister of their interest in these lands. The bill of complaint alleges that Dr. E. J. Burnett and Olivia Burnett executed and delivered to the Federal Land Bank of New Orleans, La., a deed of trust on said lands to secure an indebtedness to said bank, and, while the bill of complaint charges that the deed of trust to the bank was void, the complainant does not resist the right of the bank to subject five-sixths interest in said land to the payment of the indebtedness due the bank by the Burnetts.''

The appellant assigns as error the action of the court in sustaining the demurrers, and asserts that the foregoing facts set up a case in equity which entitled the complainant to relief.

Counsel for complainant, appellant here, frankly concedes that the one-twelfth interest of Ruby Heard Carmichael, conveyed to complainant just before the filing of this suit by the husband of Mrs. Carmichael, was and

is barred by the statute of limitations of ten years, and that the appellant cannot maintain a bill in equity as to this one-twelfth interest, but insists that his bill shows a case for recovery of the one-twelfth interest inherited by the complainant from her deceased mother.

■ As to the demurrer of the Federal Land Bank, we think the bill amply discloses that there was nothing in the deed records of Hinds county to show a stranger the secret equity of appellant in the land, and that, so far as the record is concerned, it is disclosed that the Federal Land Bank was an innocent incumbrancer for value without notice of the asserted right of the appellant to require her trustee, Dr. Burnett, to account to her for her interest in the land, and the rents thereof.

We think the case is controlled by the rule announced in *Barksdale* v. *Learnard,* 112 Miss. 861, 73 So. 736, and the authorities there cited, and which was reaffirmed in the case of *Allen* v. *Hayes* (Miss.), 107 So. 208, not officially reported.

The demurrer of the Federal Land Bank on this ground was properly sustained by the court below.

■ As to the reasons assigned here by Olivia Burnett *et al.* for sustaining the demurrer to the bill, we shall consider same from the standpoint of the appellee as outlined in his brief. The first point assigned by counsel for appellee is as follows:

"The relief prayed for in the bill of complaint is based on fraud, and the charges in respect to fraud are the legal conclusions of the pleader, and contain no material facts upon which fraud can be predicated."

The allegations of the bill that Dr. Burnett, with the purpose of depriving the appellant of her title, procured land worth ten thousand dollars for one thousand eight hundred dollars at a public sale, and that, according to the recital of the deed, he conveyed two thousand eight hundred fifty dollars worth of land to the wife of Cicero Heard, and received nothing therefor, and that the

brother of the appellant conveyed his interest, and that these people, relatives, the father and brother, agreed with Dr. Burnett that they would not bid on this land, constituted what is commonly called a "chilling of bids" at a public sale. The allegations of the bill, excluding the conclusions of the pleader, are sufficient to charge fraud as against a minor daughter on the part of her father, brother, and Dr. Burnett. So we think there is no merit in this contention.

In the second place, it is urged that the bill of complaint fails to allege any facts showing the foreclosure sale to have been irregularly or illegally conducted, or that either the beneficiary or the trustee were parties thereto.

As we have hereinbefore stated, the fact alleged that Dr. Burnett hired these adults, closest in point of relationship to the minor, not to appear and bid at the sale, constituted a fraud on the part of Dr. Burnett who was the purchaser at the sale, and it was not necessary that the bill should charge that either the beneficiary or the trustee were parties thereto.

Prospective bidders at a public sale cannot fraudulently agree together to refrain from bidding one against the other, and to do so renders the sale to any one of the confederates void. 6 R. C. L., p. 810, section 210.

■ It is urged that the demurrer was properly sustained, because Mrs. Fulgham is estopped to assert that she had any interest in the lands involved, because the bill does not allege that she did not receive her part of the money in excess of the debt.

There is no merit in the contention. It is not alleged there was an excess over and above the debt, and whatever there is in this proposition is a matter of defense, and is not maintainable on demurrer.

■ "The debt was not barred at the time of foreclosure because there is no allegation in the bill that the debt

had not been extended or renewed.'' Section 2452, Hemingway's 1927 Code, section 2796, Code of 1906, is to the effect that, when a lien appears by the record to be barred, it ceases. From the allegations of the bill, as to the record, it would appear that this foreclosure was had at a time when the debt appeared to be barred. But counsel, relying upon that part of the above section which provides that, within six months after such remedy is so barred, if such mortgage, deed, or trust or lien be renewed or extended on the margin of the record, it shall be renewed, asserts that every presumption is in favor of the validity of the trustee's deed. In the case of *McDaniel* v. *Short,* 127 Miss. 520, 90 So. 186, Judge HOLDEN announced this rule:

''The attempted sale under the barred debt and security conferred no title upon the purchaser, nor could the sale ordered by the court to enforce the lien be valid because the lien was extinguished and could not be revived. Taking possession of the land . . . under these circumstances was wrongful, and the appellee did not acquire the rights of a *mortgagee in possession.* The mortgage was *extinguished before the possession was taken.''*

It is therefore evident that, on the allegations of the bill, and the face of the record, the trust deed was barred in this case, and if, indeed, there had been an entry made on the record showing a renewal or extension of the mortgage under which this land was sold by foreclosure proceedings, then such a matter would be defensive, and it would be a matter of proof, on pleadings properly made up and issue tried on the facts as developed.

We do not think the complainant in the court below was required to negative all possibilities, or anything that might remove the mortgage from the bar of the statute of limitations.

The demurrer conceded the facts alleged in the bill. We think the bill, as a whole, sufficiently charges grounds for equitable relief, and calls for an answer, on the part of the appellees, defendants in the court below, and, as to the appellee, Mrs. Burnett, and her daughters, their demurrer should have been overruled.

*Affirmed in part, and reversed in part, and remanded.*