## BISHOP *et al. v.* FULGHAM.

(Division A. May 12, 1930.)

[128 So. 347. No. 28575.]

Watkins, Watkins & Eager, of Jackson, for appellants.

Hughes & Nobles, of Jackson, for appellee.

**Cook, J.,** delivered the opinion of the court.

The appellee, Mrs. Allie Heard Fulgham, filed a bill of complaint in the chancery court of the second judicial district of Hinds county against the appellants and the Federal Land Bank of New Orleans, alleging that by virtue of the laws of descent and distribution she was the owner of an undivided interest in certain lands there-in described, to which the appellants were asserting a claim of ownership under and by virtue of a trustee's sale of said lands, and praying for the cancellation of the claim of appellants to her interest in said lands, and for a partition thereof. The appellants and the Federal Land Bank filed separate demurrers to the bill of complaint, which were sustained, and thereupon an appeal was prosecuted to this court. In an opinion which is reported in Fulgham v. Burnett, 151 Miss. 111, 117 So. 514, the decree of the court below was reversed, in so far as is sustained the demurrer of the appellants. The averments of the bill of complaint, and the grounds of attack on the validity of the trustee's sale under which the appellants claimed title, were fully and sufficiently set forth in the opinion on the former appeal, and consequently they will not here be repeated.

Upon the remand of the cause to the court below, the appellants filed their answer denying all the averments of the bill of complaint which challenge the validity of their title to the lands, and expressly denying that the appellee owned or acquired any interest in said lands by inheritance or otherwise; and made their answer a cross-bill, asserting that they were the owners of a perfect fee-simple title to said lands by virtue of deeds from the former owner thereof, and by virtue of actual, open, continuous, peaceable, and adverse possession and occupation thereof, for more than ten years, subject only to a deed of trust in favor of the Federal Land Bank of New Orleans; and praying that the claim of the appellee to said lands be canceled as a cloud on their title, and

that the appellants' title thereto be quieted and confirmed. The appellee answered the cross-bill, and, upon the issues thus presented, proof was offered by the respective parties, and the chancellor entered a decree adjudging that the appellee was the owner in fee simple of an undivided one-twelfth interest in and to the lands in controversy, and that the appellants owned the remaining eleven-twelfths interest therein. The decree also adjudged the respective rights and liabilities of the parties in reference to the payment and discharge of the indebtedness to the Federal Land Bank, and ordered a partition of the lands by commissioners therein appointed; and from this decree this appeal was prosecuted.

The proof offered by the appellee to support the averments of the bill of complaint which challenged the validity of the trustee's sale, in so far as it affected any interest of the appellee in the lands, amply supports the decree of the chancellor; and if there is any support in the pleadings and proof for the finding of the chancellor that the appellee was the owner of an undivided one-twelfth interest in the lands, the decree is in all respects correct. The bill of complaint charged that at the time of the death of the mother of the appellee, she was seized and possessed in fee simple with title to an undivided one-fourth interest in the land in controversy; and that at her death she left surviving her, as her sole heirs-at-law, her husband and two daughters one of whom was the appellee; and that consequently, by the laws of descent and distribution, she became invested with the title to a one-twelfth interest in said land. The answer of the appellants expressly denied that at the time of the death of the mother of the appellee she was the owner of an undivided one-fourth interest in said land; and denied that under and by virtue of the laws of descent and distribution the appellee became vested with a title to an undivided one-twelfth interest therein. The cross-bill alleged that the appellee asserted a claim to an undivided one-twelfth interest in the lands in controversy, and

charged that this claim was without foundation in law or fact, and that the appellants were the owners of said lands in fee simple. The answer to the cross-bill denied the averments of the cross-bill as to the ownership of the lands. There was thereby presented a sharp issue as to whether or not the appellee owned any interest in the lands, and, if so, the extent thereof.

The appellee and her witnesses testified generally that the lands were formerly owned by her mother's family, and that the appellee's mother had an interest in the lands when she died, but we have failed to find anything in the evidence from which it can be determined that she owned a one-fourth interest in the lands. There is testimony that the appellee's mother left surviving her three heirs-at-law, but, in the absence of anything in the record showing, or tending to show, the amount or extent of the interest owned by the appellee's mother at the time of her death, the finding of the chancellor that the appellee owned an undivided one-twelfth interest in the lands cannot be sustained. It is true, as suggested by counsel, that the cross-bill alleged that the appellants and the appellee claimed from a common source, but in view of the express denial of the answer that at the time of her death the appellee's mother owned an undivided one-fourth interest in the lands, and the denial of the averment that the appellee owned a one-twelfth interest therein, it was necessary that some proof be offered to support the decree adjudicating that the appellee owned an undivided one-twelfth interest therein, and directing the commissioners appointed to set aside or allot to her this interest. The trial of the cause in the court below seems to have proceeded throughout on the erroneous theory that the extent of the interest of the appellee in the land in question was not controverted.

In view of the fact that there is no evidence to support the decree of the court below, on the point indicated, the decree will be reversed, and the cause remanded.

Reversed and remanded.