## NATHAN A. SWEATT v. WILLIAM W. CORCORAN.

1. LAND LAWS: CERTIFICATE OF ENTRY: PATENT.—A certificate of entry vests in the purchaser of public lands an equitable title only. The legal fee remains in the United States until the issuance of the patent. See *Bagnell et al.* v. *Broderick*, 13 Pet. 450.

2. SAME.—A patent for public land is the highest evidence of title; and in a court of law is of itself evidence of the due performance of every prerequisite to its issuance; and it cannot be impeached except for fraud or mistake. See *Bledsoe* v. *Doe ex dem. Little*, 4 How. 13; *Carter* v. *Spencer*, Ib. 42; 24 Miss. R. 118; *Harris* v. *McKissack*, 34 Ib. 464.

3. SAME: CASE IN JUDGMENT.—The plaintiff in ejectment gave in evidence a patent granting the *locus in quo* to him. It appeared from the recitals in the patent, that the premises had been entered in the land office of the United States by P., who had assigned the certificate of entry to B. That the United States had recovered a judgment against B., and under an execution emanating from that judgment, the land had been sold and purchased by the United States. That afterwards, the land had been sold to the patentee. This was all the evidence. *Held*, that the patent was conclusive evidence of title in the patentee, without proof, *aliundi*, of the recitals contained in it, and that the plaintiff was entitled to recover.

ERROR to the Circuit Court of Attala county. Hon. E. G. Henry, judge.

A full statement of the case will be found in the opinion of the court.

*James A. Groves*, for plaintiff in error,

Contended, that as it appeared from the patent that the land had been sold to Pearl, that it must be shown by proof *aliundi*, that the land had been divested out of him, and vested again in the United States, and that the patent was not evidence of the truth of its recitals.

*J. A. P. Campbell*, for defendant in error.

In this case, the defendant in the court below (who is plaintiff in error) demurred to the evidence, and judgment was rendered against him. The plea admitted the possession, Code, 387, Art. 5, and

Sweatt *v.* Corcoran.

the proof of plaintiff consisted of a patent from the United States for the land described in the declaration; and the only question presented, is as to the sufficiency of a patent unimpeached and uncontradicted to entitle a plaintiff to recovery in ejectment, and this seems too clear for dispute or argument. 23 Mississippi, 84; 24 Ib. 118; 34 Ib. 464.

A land patent from the United States is conclusive in an action of ejectment: 13 Peters, 436, and authorities above; and cannot be attacked collaterally unless void, and will not be declared void merely because the evidence to authorize its issuance is deemed insufficient by the court. 16 Ohio Rep. 61, and authorities above.

A mere intruder cannot insist upon the invalidity of a patent; and where a defendant offers no evidence to justify his possession (as in this case), he is presumed an intruder. 9 Ala. 594.

An attempt is made to distinguish the patent in this case from ordinary patents, because it is said that the patent shows that the title had been out of the United States, and it is not sufficient that the patent show a reinvestiture of title in the United States. But this view cannot be sanctioned by the court. For it is a sufficient reply that the same instrument (the patent), which shows title (if such be true) out of the United States, likewise shows title back in the United States; and the whole patent must be taken together; and if valid to show title out, it must be held sufficient to show title back in the United States.

And it has been held that a patent alone passes title from the United States. 13 Peters, 498. And this court has held that a patent will prevail over a certificate of entry. 9 S. & M. 130. And it has also been held that a certificate of entry may be cancelled by the officers of the land office. 9 S. & M. 130; 12 S. & M. 659. And a certificate is not the highest evidence of title, and is only intended to be used where the patent has not been obtained. 32 Miss. 645. Therefore, the patent in this case must prevail.

By act of Congress, approved May 26, 1824, full provision is made for the purchase by the United States of land in such a case as this. 4 U. S. Statutes at Large, 51.

And by Act of 29th May, 1830, provision is made for the appointment of a solicitor of the treasury, who is charged with the disposal of land thus acquired. 4 U. S. Statutes at Large, 414.

In the court below it was contended that the United States could not become a purchaser of land. But the foregoing statutes settle this question beyond dispute, and surely no just objection lies to the exercise by the United States of the right to render available a judgment against a debtor by a purchase of land levied on to satisfy a judgment in favor of the United States. The reasoning of the court in *Ingraham* v. *Speed*, 30 Miss. 410, is applicable to this question. It seems to me that the judgment must be affirmed. The appellee certainly made out at least a *prima facie* case, and that was sufficient, in the absence of contradictory proof, to entitle him to recover.

SMITH, C. J., delivered the opinion of the court.

This suit was brought by William W. Corcoran, in the Circuit Court of Attala, against Nathan A. Sweatt, to recover a certain tract of land. The defendant pleaded the general issue; and on the trial the plaintiff offered to read as evidence of his title a patent, for the land in controversy, made to him by the government of the United States, issued on the 17th of March, 1851. To the reading of which the defendant objected, for reasons which were alleged to exist, and to be apparent on its face. The objection was overruled, and the patent was allowed to be read to the jury. To this ruling of the court the defendant excepted. The plaintiff having closed his evidence, which consisted exclusively of the patent, the defendant demurred to the same; and issue having been joined upon the demurrer, it was decided adversely to the defendant, and judgment was accordingly rendered for the plaintiff. The cause is, hence, brought into this court.

The only plea filed by the defendant in the court below, was the plea of not guilty. This, under the statute, was an admission of his possession of the land at the time of the institution of the suit. Rev. Code, 387, Art. 5. The sole question, therefore, presented by the record is, whether the patent was or was not sufficient evidence of title in the defendant in error to warrant the judgment in his favor?

Congress has been vested, exclusively, with the power to declare the dignity and effect of titles emanating from the United States, in respect to the public domain; and the whole legislation of the

government in reference to it declares the patent the superior and conclusive evidence of legal title. Doubtless an absolute, paramount legal title may, in regard to lands of which the government is the owner, be transferred by act of Congress. And titles derived from legislative grant repose upon the same foundation on which rests the validity of patents, and of titles acquired under them. In general, a patent is the instrument employed for a transfer of the title of the government to the public lands. Until the issuance of a patent, the fee is held to be in the government, which, upon its emanation, passes to the grantee. *Bagnell et al.* v. *Broderick,* 13 Peters, 450.

And it is settled in this court that a patent for land emanating from the government of the United States is the highest evidence of title; and in a court of law is evidence of the due performance of every prerequisite to its issuance, and cannot be questioned either in a court of law or equity, except upon the ground of fraud or mistake. *Bledsoe* v. *Doe ex dem. Little,* 4 How. Miss. Rep. 13; *Carter* v. *Spencer,* Id. 42; 24 Miss. Rep. 118; *Harris* v. *McKissack,* 34 Id. 464.

As the patent in this case was not assailed upon the ground of either fraud or mistake, it results from these principles, that it was not only the highest, but that it was conclusive evidence of title in the defendant in error, upon which a recovery could be had in this action.

But it is insisted by counsel, in behalf of the plaintiff in error, that the patent is void, and that this appears from the face of the paper itself.

Without noticing the argument by which this position is sought to be sustained, it will be sufficient to show that it is wholly untenable.

It appears from the recitals in the patent that the land in controversy was entered by one Sylvester Pearl at the land office in Columbus, Mississippi, and fully paid for according to the act of Congress; that said Pearl sold and conveyed the land to Gordon D. Boyd, who, as the purchaser and assignee of Pearl, deposited the certificate for the land, issued by the register of the land office at Columbus, in the general land office of the United States; that after the purchase of the land by Boyd, the United States recovered judg-

ment for a very large amount against him, the said Boyd, in the Circuit Court of the United States for the Southern District of Mississippi; that the land in controversy was levied upon and sold under an execution issued upon said judgment, and was purchased for the government by an agent, who was appointed and acted under the provisions of an act of Congress passed for that purpose; that afterwards, to wit, on the 17th of August, 1847, the solicitor of the treasury advertised for sealed proposals for the purchase of the interest of the United States, at law and in equity, in the said tract of land; and that the same was purchased of the said solicitor by William W. Corcoran, the defendant in error; which sale was afterwards confirmed by the acting secretary of the treasury; that the United States, through the agency of the solicitor of the treasury, for the purpose of confirming the said sale, and in execution of the authority conferred by the act of Congress entitled "An act to provide for the appointment of a solicitor of the treasury," did by deed, bearing date the 28th of December, 1847, return, sell, transfer, and convey to the said Corcoran, all the title and interest, at law or in equity, of the United States, in or to the said land.

Whatever effect may have been given to the certificate of the register of the land office at Columbus, by the statute law of this State, it is not to be controverted, that, as to the United States, neither Pearl nor his vendee or assignee, Boyd, acquired, in virtue of the register's certificate, the legal title to the land entered by the former. Pearl acquired simply the equitable title; perfect, it is true, as to the United States, and good against her subsequent vendee, who should purchase with notice of that title. The fee remained in government, which passed and vested in Corcoran upon the issuance of the patent. 13 Peters, 450. Hence, as there was no attempt to assail the patent upon the ground of fraud, or even of mistake, the conclusion is unavoidable, that the patent was conclusive evidence of legal title in the defendant in error.

But the same principle which recognizes the patent as "evidence of the existence and due performance of the conditions upon which its issuance depended," of necessity recognizes the truth of the recitals contained in it. Hence the force and effect of a patent from the government, for any portion of the public domain, as a conveyance of the paramount legal title, can never be questioned,

unless its invalidity should be apparent upon the face of the instrument itself.

Here there is not even a color for the assumption that the patent is void on its face.  For, admitting that Pearl acquired the equitable title by payment of the price of the land, and the issuance of the register's certificate, and that the equitable title thus acquired by him passed to his assignee, Boyd, it is likewise manifest from the recitals contained in the patent, and which are here to be taken as true, that the equitable title of Boyd was legally divested, and reinvested in the United States, by virtue of the purchase made at the execution sale.  Having never parted with the legal title, it is, therefore, not to be asserted that the patent, upon its face, shows that it was an attempt to dispose of land to which the government had no title whatever, or that the patent, in any respect, was issued without authority, or in violation of law.

Let the judgment be affirmed.