STREATER *et al. v.* STATE *ex rel.* MOORE, LAND COMMISSIONER.

(Division B. Nov. 29, 1937. Suggestion of Error Overruled Jan. 10, 1938.)

[177 So. 54. No. 32916.]

Percy & Farish, of Greenville, for appellants.

Ernest Kellner and William Payne, both of Greenville, for appellee.

**Ethridge, P. J.**, delivered the opinion of the court.

The Attorney General of the state, on the relation of the State Land Commissioner, filed suit for the cancellation of two land patents issued to Neal Streater, Jr., and his wife, Dorothy Ann Streater, alleging that they were fraudulently obtained and should be set aside. The application of Neal Streater, Jr., was for 160 acres of land in Washington county bordering on Bolivar county, about twelve miles from the city of Greenville, Miss., described as follows:

"Acres in cultivation                                   None,
 Acres in open or pasture lands              None,
 Acres in timber                                          None,
                Description of timber and value.
Cutover land ............... improvements ......
(a) Description. One frame house.
(b) Value ...............

"Assessed value of land and improvements when last assessed, $2.00 per acre.

"Name of person living on land at the present time. Negro living on it without authority.

"Name and postoffice address of owner of land at the time of sale to the State. Z. A. Wasson, Priscilla, Miss.

"Name and address of person to whom land was assessed at the time of tax sale. Same as above.

"Date sold to State, 1932 for taxes due for the year 1931.

"Was there a mortgage on the property when sold and if so what is the name and address of mortgagee. J. S. Jones, unknown.

"Date of mortgage. 1933. Amount of state lands purchased during 1936. None.

"The present value of the above described property is not in excess of $350.00.

"No attention was paid to the notices. Special information. The above property lies on the Bolivar County line in Washington County, and has no road facilities to same. Two notices show as having been sent to mortgagee in the office of the chancery clerk in 1934. Interest of applicant in land (owner, mortgagor, etc.) Purchaser.

"That the purchase of the land described in the above application is intended for my own use and benefit; that I am not acting as agent for any person, corporation, or syndicate in making such purchase, nor in collusion with any person, corporation or syndicate, to give them the benefit of the land purchased or any part thereof, or the timber thereon; and that I am a citizen of the United States of America.

"This the 14 day of May, A. D. 1936,

"Neal Streater, Jr.,
"By George Adams, Agt.
"Rosedale, Miss.

"Sworn to and subscribed before me this 14th day of May, 193—.

"Mrs. J. M. Walker, Notary Public.
"My commission expires April 24, 1940."

A similar application was made by Dorothy Ann Streater for 20 acres of land described as N. ½ of N. W. ¼ of S. E. ¼, Tp. 19, R. 7 W., and the value was alleged to be not in excess of $50.

After patents were procured from the Land Commissioner, Neal Streater, Jr., conveyed the 160 acres patented to him to his wife, Dorothy Ann Streater.

The appellants admitted making the applications; that Neal Streater, Jr., secured George Adams to purchase the land for them, instructing said Adams to draw a draft upon him for the purchase money, which was done and the draft was paid by Neal Streater, Jr. It

was further alleged in appellants' answer that Neal Streater, Jr., was not familiar with the tract of land and did not know the value thereof, but was advised by George Adams that the owner had not redeemed it, and he believed it would be a good investment, and consequently appellants requested the said George Adams to purchase it for them. They also alleged that the statements made by George Adams were made on his own information, and not on any information furnished him by the appellants; that George Adams gave the Land Commissioner all the information in his possession, and appellants denied that they practiced any fraud upon the state in the purchase of said land. They alleged that the original owner had made no efforts to redeem the land so that it would be placed back upon the assessment roll of the county for taxation, and that the Land Commissioner was not deceived, in any way, by the applications for the land, and that so far as the appellants are concerned, they acted in good faith in wishing to purchase the land as an investment. Neal Streater, Jr., admitted that he conveyed his 160 acres to his wife, but denied that they conspired to defraud the state by the purchase of more land than was allowed to one person, and that the patents are void. They answer, further, that the original owner made no effort to redeem the land from the tax sale, as stated above, but that after the patents were issued to the appellant, and as he thought the land had advanced in value, the original owner prevailed upon the state officers to have this suit instituted. It was further alleged in appellants' answer that the Land Commissioner knew that the land was worth more than $1 per acre, and that it was his duty to cause a proper investigation to be made, and if he failed to perform his duty in that respect the state cannot now complain, for the appellants say they practiced no fraud whatever, and did not know anything about the value of the land, but that they believed it was

worth more than it could be purchased for from the state, which is true of all tax forfeited land sold by the state to individuals.

A letter dated April 15, 1936, from Neal Streater, Jr.. to George Adams was introduced, which recites that: "With further reference to our conversation of a few days ago, I would like to have you purchase for me from the State 160 acres of Watson land in Washington County. This land is located, as you know, on the Washington and Bolivar County line. I have discussed this matter with my wife, and she wants to buy the balance of the tract. Her name is Dorothy Ann Streater. Draw a draft on me through the Valley Bank, Rosedale, to cover this purchase. And along with our conversation, I will take care of your expenses in time when you return to Greenville."

A lis pendens notice was filed with the bill of complaint.

On the trial of the cause it was admitted by counsel for complainant and the defendants, "that the land in question was assessed on the Land Assessment Roll of Washington County, at the time of the tax sale to the State of Mississippi, and at the time of the issuance of the patents sought to be canceled in this cause, as follows:

| | |
|---|---|
| "120 acres cultivated | $3,240.00 |
| "Improvements | 300.00 |
| "60 acres uncultivated | 300.00 |
| | |
| Total | $3,840.00" |

Neal Streater, Jr., testified that he and his wife discussed the purchase of the land, and she wished to purchase 20 acres and he 160 acres, but there was no agreement prior to the purchase to convey the 160 acres to her, nor was there any agreement that she would pick out what part of the tract she would buy, and that after

the purchase he deeded the 160 acres purchased by him to his wife. He further testified that George Adams did not know anything about the land, and that he just bought it because it was located in Washington county on the Bolivar county line.

The chancellor canceled the patents, and from his decree in so doing this appeal is prosecuted.

Appellants argue that the state failed to prove that the Land Commissioner relied upon the representations made in the applications, and contend that to constitute fraud there must be the following elements: (1) A statement made with intent to deceive; (2) the party to whom made must have relied thereon; (3) the statements, when made, must have been purported to have been facts; and (4) the party to whom made must have acted thereupon, and suffered thereby.

The second ground relied upon by appellants that it was not shown that the Land Commissioner relied upon the representations made by the applications, and that it was his duty to know the value of the land sold, is the most important one. It is said in the brief of appellants that they concede there are untrue statements in the applications, but that the evidence wholly fails to show that the Land Commissioner was deceived thereby, and that consequently the record fails to sustain the charge of actionable fraud against the appellants.

The agreed statement of facts as to the assessment of the lands at the time of the sale and the subsequent purchase by appellants shows that the price was largely in excess of the representations made in the applications, and that a large part of the lands was in cultivation, and consequently there can be no question as to damage to the state if the sale was fraudulent, which unquestionably it was, especially in a legal sense, because, when a person makes a representation as a fact, which is untrue, it constitutes fraud at law. The presumption that the Land Commissioner acted upon the applications and

was deceived thereby is substantiated by all the facts developed. A person dealing with another may assume that the representations made by such other person are true. The Land Commissioner, being a public officer, could not knowingly accept a fraudulent statement, and if he did so his act would not bind the state, for a public officer must act in good faith in representing the state.

There is nothing in this record to show that the Land Commissioner did not act in good faith, and nothing to show that he had knowledge as to the real condition and value of the land conveyed by him, but, taking the record as a whole, it abundantly appears that the representations as to the condition and value of the land were false, and as the representations made by George Adams were false as to the condition of the land, their representations, since he was their agent, were false, whether Adams knew they were false or not.

The purchaser of state lands is required to give the Land Commissioner information as to the condition, occupancy, and value of the land, etc., as shown by the application therefor. No person will be permitted to profit by his own wrong, and appellants, in the case at bar, cannot rely upon the presumption that the Land Commissioner knew the representations were false, and it devolved upon appellants to prove it, if such were the case. Neither a purchaser nor a public officer would be permitted to connive at fraud and deprive the state of its property. Each must act in good faith.

Where there are differences of opinion among men as to value, the elements constituting value as then acted upon must be considered, and the finding of value in such case by the officer will be upheld, but where there is such a gross discrepancy in value, the representations made by the applications would be evidence of fraud. The patents having been secured by fraud,

42

the fees paid therefor are forfeited. Code 1930, section 6028.

Consequently, the judgment of the court below must be affirmed.

Affirmed.