STATE *v.* LEWIS *et al.*

(In Banc.   May 11, 1942.)

[7 So. (2d) 871.   No. 35071.]

Greek L. Rice, Attorney-General, by Jefferson Davis, Assistant Attorney-General, for appellant.

Heidelberg & Roberts, of Hattiesburg, for appellees.

**McGehee, J.**, delivered the opinion of the court.

The only difference in principle between this case and that of State of Mississippi v. Mrs. Ida K. Roell et al., 192 Miss. 873, 7 So. (2d) 867, this day decided, is in respect to the date of the issuance of the patents under which the appellees respectively claim; the patent in the instant case having been issued after the effective date of Chapter 309, Laws of 1940, the constitutionality of which is upheld in the other case. The demurrer in the present case challenges both the constitutionality of the above-mentioned statute and denies its applicability in a proceeding to confirm and quiet a title based upon a patent issued subsequent to the passage of the Act. The decision in the other

case, therefore, controls in the instant case insofar as the constitutionality of the statute is concerned.

Prior to 1936, the method of selling tax forfeited lands by the Land Commissioner of the State of Mississippi was governed by Chapter 153, Code of 1930. While there were certain limitations, as, for instance, the amount of land which could be purchased by any one person, and those persons qualified to purchase such lands, there was no statute which fixed or prescribed the particular information which had to be furnished by the applicant to the Land Commissioner, in order to assist the Land Commissioner in determining what would be a fair value, nor was any application furnishing any information at all necessary in order to obtain a tax forfeited land patent. For reasons deemed by it sufficient, if not compelling in the interest of the public welfare, the legislature in 1936 adopted Chapter 174, the purpose of which was to set up a procedure by which the state would be protected from the perpetration of fraud against it in the purchase of such lands. State ex rel. McCullen v. Tate et al., 188 Miss. 865, 196 So. 755. This statute required as a condition precedent to the obtaining of patents to tax forfeited land that an application in writing be made, duly sworn to, setting forth, among other things, whether or not the land was occupied at the date of the filing of the application, and, if so, by whom; the nature and value of the improvements on the land; the approximate quantity of merchantable timber thereon; and such other information as the Land Commissioner, with the approval of the Governor, might require. Notwithstanding these safeguards there were charges of fraud made in connection with the obtaining of patents from the State Land Office under that statute, such as were disclosed in the case of Streeter v. State ex rel. Moore, 180 Miss. 31, 177 So. 54, and State ex rel. McCullen v. Adams, 185 Miss. 606, 188 So. 551, resulting in a decision in the Adams case declaring that inasmuch as the applicant for such a patent must

furnish the information hereinbefore mentioned to the State Land Commissioner as a condition precedent to the right to obtain a patent, the application should be deemed one of the muniments of title thus obtained. It is a matter of common knowledge that this construction of the statute not only created confusion in regard to the patents which had been obtained by false and fraudulent representations or by the omission of material information called for in the applications, but it also rendered less marketable a great number of titles based upon patents which had been obtained in good faith. In providing by Chapter 309, Laws of 1940, a method by which the issue of fact as to whether any patent had been obtained for such a grossly inadequate consideration as to amount to a donation of public lands and whether fraud had been perpetrated upon the state in the procurement of the same could be judiciously determined, the legislature left chapter 174, Laws of 1936, to remain in full force and effect, but provided in Section 7 of the said Chapter 309, Laws of 1940, that the court in determining the issue of fact heretofore mentioned should liberally construe the latter statute in validating and quieting the title to lands heretofore obtained under a patent from the state. In providing for such liberal construction it is but natural that this requirement should be limited to lands theretofore patented. Otherwise, such a provision would be construed as encouraging those charged with the duty of issuing these patents in the future not to insist upon a substantial compliance with all of these positive requirements of the law, and also as an invitation to prospective applicants to be careless in the matter of furnishing truthful information to aid the officials in arriving at a fair price to be fixed for the sale, notwithstanding that Chapter 174, Laws of 1936, was not being modified or repealed by the subsequent act. We can not ascribe to the legislature an intention to render less effective these requirements as to

fair dealing with the state in the purchase of such lands in the future or to withdraw the protection thereby afforded to the state from the perpetration of fraud against it. We think that the admonition for a liberal construction of the law in the matter of validating patents theretofore issued was made because of the confused state of the records of the State Land Office at that time, due to the loss of application papers, errors or omissions or incorrect statements made therein not amounting to actual fraud, and the inefficiency in the system of keeping the records due to an inadequate office force, as taken cognizance of by the legislature in the Act now under consideration and when it reorganized the land office department; and not for the purpose of denying the benefits of the act itself to those interested in land titles based upon patents issued subsequent to the effective date thereof. Moreover, Section 1 of Chapter 309, Laws of 1940, which creates the right in favor of any patentee or any person, firm or corporation claiming title or other interest in land under or through any patentee by virtue of any patent issued by the state for lands forfeited to it for nonpayment of taxes to have such title or interest confirmed and quieted, does not limit the right to patents theretofore issued. We, therefore, construe Section 3 of the Act making it the duty of the court to enter a decree validating and perfecting the title, except under certain conditions therein specified, and which finally concludes with a provision that ''no patent heretofore issued shall be cancelled in such proceeding because of loss of the application papers to purchase said land, or because of errors or omissions or incorrect statements in said application, or other papers in connection with the sale of said land . . .,'' to be in keeping with the declared intention found in Section 7 of the Act that the same should be liberally construed to validate and quiet titles to such lands as had been theretofore patented, leaving the court free and unhampered by any suggestion from

the legislature in deciding such issues as may arise in suits to confirm and quiet titles under patents thereafter issued.

In view of the fact that Chapter 174, Laws of 1936, is to continue in full force and effect we are unable to see any good reason for denying the benefits of Chapter 309, Laws of 1940, to purchasers who acquire land through patents issued subsequent to its enactment, nor are we able to discern any purpose on the part of the legislature to do so under the language and provisions of the Act as written. The decree of the court below in overruling the demurrer will, therefore, be affirmed and the cause remanded.

Affirmed and remanded.