## JOSHUA PROCTOR *v.* J. & B. HART.

LIMITATION.  *Right extinguished.  New note.  Revival of vendor's lien.*
        *Code* 1892, § 2755.

   Under § 2755, code 1892, providing that the completion of the period
   for barring an action extinguishes the right as well as the remedy,
   but the former legal obligation shall be a sufficient consideration
   to uphold a new promise based thereon, where a note for land, in
   which a vendor's lien is reserved, is barred, the giving of a new
   note does not revive the lien or create a new lien, although the
   new note recites that it is for the purchase price of land "on which
   a vendor's lien is retained," and "in lieu of, and in renewal of,"
   the old note.

FROM the chancery court of Rankin county.

HON. H. C. CONN, Chancellor.

The case is stated in the opinion.

*J. R. Enochs,* for appellant.

Under § 2755, code 1892, the former debt is sufficient to
uphold the new promise to pay, but to hold that a new note
creates a lien is to hold that a lien on land may be created by
parol, or on a homestead without the wife's consent.

*Wm. Buchanan,* for appellees.

The intent to extinguish the lien must be clearly shown.
*Kausler* v. *Ford,* 47 Miss., 289.  The vendor's lien is an in-
cident to the debt, and so long as the debt and the relation of
vendor and vendee continue, the lien will exist unless some act
is done clearly evincing an intention to abandon it.  *Avent* v.
*McCorkle,* 45 Miss., 221.

The vendee may waive the statute as to his personal debts
and liens on his own property.  *Adams* v. *Harris,* 47 Miss.,
144; *Beasly* v. *Evans,* 35 *Ib.,* 192; *Bowmar* v. *Peine,* 64 *Ib.,*
99.  The renewal is a mere change in the form of the indebted-

ness, and in no way affects the lien.  4 Lawson's Rights & Rem., § 1777.

WOODS, J., delivered the opinion of the court.

In December, 1880, one Block sold and conveyed the land described in the bill before us to Proctor, the appellant, reserving his vendor's lien in his deed of conveyance.  Several promissory notes were executed by the vendee for the purchase money, the sale having been made, as it appears, wholly upon credit.  Of the notes thus made, all were paid, as we infer, except the one for $366, which matured last, being payable on January 1, 1884.  Not being paid at maturity, the time of payment was extended, in writing, to January 1, 1886.  In 1887 Block assigned this note to J. & B. Hart, the appellees herein, and, on the twenty-seventh day of April, 1893, more than a year after the bar of the statute of limitations had accrued, Proctor, the appellant, executed and delivered to appellees the following note, viz.:

"BRANDON, MISS., April 27, 1893.

"On or before November 1, 1893, I promise to pay J. & B. Hart, or bearer, three hundred and twelve dollars and eighty-five cents, it being the last payment as purchase money for the following lands in Rankin county, Miss. [describing the lands], and on which a vendor's lien is retained, together with ten per cent. interest per annum from date until paid.  This note is given in lieu of, and in renewal of, my note given to D. Block, December 20, 1880, and due January 1, 1884, for the balance due on said note at this date.

"JOSHUA X PROCTOR."
HIS    MARK.

"Witness: WM. BUCHANAN."

This note not being paid, the appellees exhibited their bill in the proper court, praying the enforcement of a vendor's lien upon the lands conveyed by Block to Proctor, the appellant, in 1880, and referred to in appellant's note of April 27, 1893, to

appellees.   A demurrer to the bill was interposed on the ground of an extinguishment of the vendor's lien before the note sued on was executed, and, this demurrer being overruled, this appeal is prosecuted.

The controversy is limited to the single question necessarily involved in the demurrer, and lying on its face, viz.: Was the vendor's lien revived by the execution of the note to the Harts after the bar of the statute of limitations had attached? Or, to state it otherwise, at the date of the note just referred to, was the note originally given to Block, and the debt which it evidenced, and the security for its payment, all alike extinguished —absolutely dead? The answer is simple, as it appears to us. Under the law as it stood until the adoption of the code of 1880, controversies were constantly arising between citizens as to the effect of new promises in writing to pay barred debts, the adjudications having, up to that code's adoption, uniformly held that our statutes of limitations denied the remedy but left the right unaffected—the right remained although the remedy was lost. It followed from this view, that with a waiver of the bar of the statute shown by a new promise in writing to pay the barred note, the debt itself, with all its incidents, might be proceeded for with the restoration of the remedy. On this idea, and along this line, are the cases relied upon by appellee's counsel, and others, so far as this particular question is touched upon. But the code of 1880, § 2685, which is brought forward as § 2755, code of 1892, declares that "the completion of the period of limitation herein prescribed, to bar any action, shall defeat and extinguish the right as well, as the remedy; but the former legal obligation shall be a sufficient consideration to uphold a new promise based thereon." The change wrought by this new statute is radical. Not only the remedy is denied, the action barred, but the right itself is extinguished upon the completion of the period of limitation. The remedy and the right, whatever it was, are alike destroyed. There remains nothing to revive. A new contract, evidenced

by a new promise in writing, may be made, and the former legal obligation may be sufficient consideration to uphold it, but it is no longer the vivifying of a right heretofore unenforceable by reason of a remedy being denied merely. It is a new contract based upon the former legal liability as its consideration; it is the creation of a new right and a new remedy for its enforcement. The extinguished right, the original debt and all its incidents, as well as the lost remedy, are all destroyed, upon the completion of the period of limitation, under our present statute.

The promissory note made by the appellant to the appellees, after the bar had attached, is clearly such a new promise as creates personal liability, but it does no more. It does not revive and restore a dead debt with all its incidents. It is only a new promise to pay a sum certain based upon a former legal obligation, without any creation of a new lien as security for payment. The mere recital that the purchase of certain lands was the consideration in the former legal obligation creates no new lien upon the lands. The purpose to do that must be evidenced as clearly as the new promise itself must be.

*Reversed and remanded.*