## McDaniel *et al. v.* Short.

[90 South. 186. No. 22239½.]

1. LIMITATION OF ACTIONS. *When secured debt is barred both the right and remedy are extinguished.*

   Where a secured debt is barred by the statute of limitation, both the right and the remedy are thereby extinguished, and no title is obtained by foreclosure thereunder, nor can the barred lien be revived by the mortgagee who obtained possession after the lien was extinguished. Sections 3093 and 3115, Code 1906 (sections 2457 and 2479, Hemingway's Code).

2. VENDOR AND PURCHASER. *Where mortgagee takes possession after mortgage is extinguished, he has no rights against purchaser without notice.*

   Where possession of the land is taken by the mortgagee after the mortgage is extinguished, the rights of a mortgagee in possession are not acquired, and the mortgagee thus in possession cannot prevail against the title of subsequent grantees without notice.

APEAL from chancery court of Pontotoc county.

HON. A. J. McINTYRE, Chancellor.

Bill in chancery by John T. Short against T. L. McDaniel and others to cancel certain deeds, remove clouds, and validate title under deed of trust foreclosure. Decree for the plaintiff, and the defendants appeal. Reversed and remanded.

*Mitchell & Mitchel,* for appellant.

There are two distinct questions presented by this record to which we desire to call the attention of the court, and they are as follows: First. Is appellee a mortgagee in possession under the facts in this case, having taken possession under a sale made after the debt was barred by the statute of limitations? Second. Even if he could be termed a mortgagee in possession with the rights incident thereto as to the mortgagor, T. L. McDaniel, will

these rights prevail against appellants, Talmadge and Estes McDaniel, and especially against appellant, Mrs. P. E. McDaniel? We shall argue these questions in the order in which we have named them.

The statutes of limitations are very familiar statutes often relied on and presented to our court of last resort. We call the court's attention to the two statutes that are involved in this case as the basis of our contention. Section 2457 Hemingway's Code provides that the remedy on a mortgage is barred when the debt which it secures is barred, and further provides that upon the completion of the period of limitation both the remedy and the right are extinguished. In discussing this latter statute in the case of *Proctor* v. *Hart,* 72 Miss. 288, 16 So. 595, the court says that the debt and the security—in that case a vendor's lien are extinguished and absolutely dead. Quoting further on in the opinion the court uses these words: "Not only the remedy is denied, the action barred, but the right itself is extinguished upon the completion of the period of limitation. The remedy and the right, whatever it was, are alike destroyed. There remains nothing to revive . . . The extinguished right the original debt, and all its incidents, as well as the lost remedy, are all destroyed upon the completion of the period of limitation, under our present statute. It will be noted that the statute then under consideration by the court is identical with the present statute.

Therefore under these statutes as construed by the court, this mortgage and the debt which it secured, in so far as they constituted any valid and subsisting lien against this land, had become extinguished and destroyed and the land stood as if the mortgage had never been given. Any attempted sale under such conditions was a vain thing, conferred no title, whatever, upon the purchaser, and any entry upon said land or the taking possession thereof by such purchaser would be a trespass; such entry and possession could not revive the lien of the mortgages because as the court said in the case of *Proctor* v.

*Hart, supra,* there was nothing to revive. The appellee had no more legal right to take possession of said lands than any stranger would have had, and therefore his entry and possession was unlawful; and his possession being obtained unlawfully he can not have the rights of a mortgagee in possession. *Russell* v. *Ely,* 2 Black, 575, 17 Law Ed. 258 (N. S.) ; *Barson* v. *Mullingan,* 191 N. Y. 306, 16 L. R. A. 151.

The precise question involved here was decided by the supreme court of California in the case of *Faxon* v. *All Persons etc.,* 166 Cal. 707.

Mr. Pomeroy in his work on 3 Equity Jurisprudence (2 Ed.), sec. 1189, thus states the doctrine:

While the mortgagee is declared to have no legal estate, and is unable to recover possession of the land against an unwilling mortgagor or owner of the fee subject to the mortgage, yet if the mortgagee, while the mortgage is still subsisting does in any lawful manner obtain the possession, the courts have established the doctrine that his interest under the mortgage enables him to retain such possession, and to defend it against the mortgagor or those succeeding to his title his right to retain possession does not depend upon an estate held by him; his possession is protected by his lien.

The case of *Banning* v. *Sabin,* 45 Minn. 431, seems to be exactly in point. We do not have the case before us, but quoting from a note in Cyc. Vol. 27, pages 1237-8, the language is as follows: "After the expiration of time within which a mortgage may be enforced by foreclosure, the mere entering into possession by the mortgagee, without objection from the mortgagor, does not restore the mortgage to efficacy nor entitle the mortgagee to the rights of a mortgagee in possession.

We have not been able to find any authorities that conflict with the authorities cited, and we therefore respectfully submit that upon both reason and authority the appellee in this cause can not have the rights of a mortgagee in possession.

Upon the second question involved as above stated we submit that if, even though it might be held that the sale and possession thereunder after the bar of the statute had attached, might possibly by some sort of reasoning make the appellee a mortgagee in possession as against the mortgagor, yet we insist that he could have no such rights as against the other appellants, in this cause.

It will be remembered that the deeds to Talmadge and Estes McDaniel and to Mrs. P. E. McDaniel were placed of record long before the deed of trust of appellee, and that appellee's deed of trust was not placed of record until after it appeared on its face to be barred by the statute of limitations. Therefore, when appellee's lien under his deed of trust was extinguished by the statute, the title to the land became absolute in these other grantees of the mortgagor, and the only theory under which appellee could possibly obtain relief as against them, would be that the deeds were fraudulent, as to him, and he would be entitled to have them cancelled on that ground alone, and not by reason of any rights he might have as a mortgagee in possession.

But he can not have that relief, as a creditor whose claim is barred by the statute of limitations can not file a bill to set aside a fraudulent conveyance. *Fox* v. *Wallace,* 31 Miss. 660; *Edwards* v. *McGee,* 31 Miss. 143.

And while it might be held that the deed to Talmadge and Estes McDaniel was a voluntary conveyance and therefore fraudulent, yet this is not true of the deed to Mrs. P. E. McDaniel, as it was made upon the highest and most sacred consideration known to the law a promise of marriage; and while the conveyance to her might not avail her anything in a contest with Talmadge and Estes McDaniel, that fact can not avail appellee in this cause.

For these reasons we respectfully submit that this cause should be reversed and appellee's bill dismissed, and the prayer of appellants in the cross bill should be granted.

*Fontaine & Fontaine,* for appellee.

There was no error in the action of the court below in entering the decree in this cause. While it is true the debt was barred at the date of the trustee's sale under the deed of trust given to secure the debt, and appellee's purchase thereunder, said sale and purchase was made with full knowledge of appellant, T. L. McDaniel, and the actual occupancy and possession of said land by appellee, under said sale, was consented to by appellant, T. L. McDaniel.

That appellee is now in the quiet and peaceable occupancy and possession of said land, and has been continuously, since his said purchase at said trustee's sale thereof, with the assent of appellants. While it is true that appellants in their answer and cross bill plead the statute of limitations to said debt, and asked that appellee's title to said land be cancelled as a cloud upon their title thereto without paying, or offering to pay, said debt, but in his testimony says he wants the debt paid.

Appellee is rightfully in possession of said land, and it is held in the case of *Tracy, Admr. etc.* v. *Henry O. Wheeler, et al. Admrs.,* 6 L. R. A. (N. S.) page 561: "That applying the maxim, that he who seeks equity must do equity, it is held that a court of equity will not cancel a real estate mortgage, securing a just debt, which confessedly has not been paid, at the suit of the mortgagor, or one standing in his shoes, where the only ground urged for such relief is that the statute of limitations is available as a defense against its foreclosure." To the same point see *Booth* v. *Hoskins,* 75 Cal. 275, 17 Pac. 225; *Boyces* v. *Fisk,* 110 Cal. 107.

Appellee is clearly a mortgagee in possession with the consent of appellant T. L. McDaniel, whether the sale of the land by the trustee is valid or invalid. The case of *Faxon* v. *All Persons Claiming etc.,* L. R. A. 1916B., page 1209, 160 Cal. 707, relied upon by appellants as a case directly in point, is not a similar case to the one at bar. The note secured by the deed of trust was barred by the statute of limitations, together with all remedy under the trust. The mortgagee was not in possession of the mort-

gaged property with the consent of the mortgagor, or his assigns. Plaintiff in the case enjoined the sale advertised to be made by the mortgagee of the mortgaged property.

But it is held in said case that it is the settled rule in California that notwithstanding the lien of a mortgage is extinguished by the barring of the debt by limitation, the mortgagor can not without paying his debt quiet his title against the mortgagee. And this after it was held in this case, that defendant can not be held to be a mortgagee in possession, but upon purely equitable principles.

Let us admit that appellant, T. L. McDaniel, could have enjoined the sale of the land under the trust deed, or even after the sale treated appellee as a trespasser, and ejected him from the land, yet he did not do either, but consented to appellee's possession. And has assented to his remaining peaceably and quietly in the possession of said land up to the present time. And we insist that our statute of limitations, barring both the right and the remedy similar to the California statute, does not release appellant T. L. McDaniel, from his moral obligation to pay his debt. And the debt in the case at bar being confessedly just and unpaid; we again insist that if defendant, T. L. McDaniel, could not come into a court of equity and ask that his title to the land in question be quieted against his mortgagee in possession of the land, without first paying the debt, that he can not now complain of the decree, which only requires him to do that which equity and good conscience demand of him; and which he, in his testimony says he wants to do, viz; pay this debt to Mr. Short.

The case of *Proctor* v. *Hart,* 72 Miss. 288, relied upon by appellant in his brief, is not in point from the fact that after the note for purchase money for the land had become barred by the statute of limitations; the parties made an entirely new contract, by the giving and acceptance of a new note, based upon the consideration of the barred note, without stipulating for any lien to secure the same.

Appellee was and is lawfully in possession of said land, with the consent of appellants, and is unquestionably a mortgagee in possession. The supreme court of California in construing its statute of limitations, which are similar to ours, has held that a mortgagor could not have his title quieted against a mortgagee in possession without first paying the debt, whether the debt was barred by the statute of limitations or not. See authorities above referred to. And our supreme court in the case of *Wall* v. *Harris*, 90 Miss. 671. Harris the mortgagee went into the possession of the land under an invalid sale by the trustee, and was allowed to remain in the peaceable possession of same by the mortgagors as in the case at bar, and long after the debt had become barred by the statute of limitations, and before Harris had remained in possession for ten years, the mortgagors brought an action of ejectment for the land, attacking the invalid sale by the trustee, and setting up the bar of the statute of limitations, and for mesne profits and damages. When Harris filed his bill in chancery, enjoining the ejectment suit, and alleging that the debt secured by the mortgage had not been paid, and that he be not deprived of the possession of said land until his debt was paid, notwithstanding, he went into possession under said invalid sale. This court, in its opinion, said: "It would shock the conscience of the court if this beneficiary in peaceable possession should be required to give up the land, and appellants be permitted to hold to the same, and also to avoid the payment of the debt. See also the case of *Kelso* v. *Norton*, 65 Kan. 778, 70 Pac. 896.

The bill of complaint in this case alleges and the proof shows that the deed of trust executed by appellant, T. L. McDaniel, to appellee, Short, was on the 20th day of November 1906; and the deed from appellant, T. L. McDaniel, to appellants Talmadge and Estes McDaniel, his sons, was executed on the 11th day of February, 1915. The bill further alleges and the proof conclusively shows that said deed from appellant T. L. McDaniel, to appellants, Talmadge and Estes McDaniel, was voluntary, and without

consideration, and therefore the unrecorded trust deed of appellee Short, was valid and binding as against appellants, Talmadge and Estes McDaniel, they not being creditors, nor purchasers for valuable consideration without notice. Hemingway's Code, secs. 2288, and 2291.

When appellant, T. L. McDaniel, made and executed deed to Mrs. P. E. Moody, now appellant, Mrs. P. E. McDaniel, on the 30th day of August, 1916, conveying to her lands previously conveyed to Talmadge and Estes McDaniel by him, of which Mrs. P. E. McDaniel had record notice, appellant T. L. McDaniel, had no right, title or interest in said land to convey to her.

In all events all of these appellants, T. L. McDaniel, Talmadge and Estes McDaniel, and Mrs. P. E. McDaniel, have never disturbed, nor attempted to disturb, appellee in his quiet and peaceable possession of said land, but have acquiesced therein and consented thereto.

Wherefore it is respectfully submitted that the final decree of the court below in this cause should be affirmed.

HOLDEN, J., delivered the opinion of the court.

The appellee, John T. Short, filed a bill in chancery to cancel certain deeds made by appellant, T. L. McDaniel, to the appellants, Mrs. P. E. McDaniel, Talmadge McDaniel, and Estes McDaniel, and to remove clouds and validate his title under a deed of trust foreclosure upon certain lands described in the deed of trust. The appellants answered and filed a cross-bill, seeking to cancel the claim of title of appellee, Short, to said lands under his foreclosure deed. There was a decree in favor of the appellee, Short, from which this appeal is prosecuted.

Briefly stated, it appears that T. L. McDaniel, who is now the husband of Mrs. P. E. McDaniel, and the father of Talmadge McDaniel and Estes McDaniel, executed a note and deed of trust to Short for one thousand dollars upon the land involved, and due in 1911. The deed of trust was not recorded nor attempted to be foreclosed until

several months after the indebtedness had become barred by the statute of limitations in 1917, at which time foreclosure upon the barred debt was had, the appellee, Short, buying the land at the foreclosure sale, and thereupon took possession of it.

In the meantime, in 1915, the said T. L. McDaniel conveyed the same land to his two sons, Talmadge and Estes McDaniel, appellants, and afterwards in 1916 he conveyed this land to Mrs. T. E. Moody, who is now his wife, in consideration of her promise to marry him, and she married him and is now the appellant, Mrs. P. E. McDaniel. Both of these deeds, one to his sons, and the other to his wife, appellants, were duly recorded, and it is not contended that these last-named grantees had any notice of the deed of trust of appellee, Short.

At the hearing of the cause the chancellor held that the note and deed of trust were barred by the statute of limitations, but that since the appellee, Short, was a mortgagee in possession no relief could be had by any of the appellants against him unless they should first tender the amount of the barred indebtedness; and the court decreed that the appellee, Short, still had a lien on the land for the payment of the debt, and ordered the land sold for that purpose.

We think the court erred in holding that the claim of the appellee, Short, was superior to that of the appellants, Mrs. P. E. McDaniel or Talmadge McDaniel and Estes McDaniel, because the debt and security held by appellee, Short, was barred by the statute of limitations, and both the remedy and the right were thereby extinguished, and the title obtained by the intervening or subsequent purchasers without notice must prevail against the extinguished lien of the appellee, Short. Sections 3115, 3093, Code of 1906 (sections 2479, 2457, Hemingway's Code); *Proctor* v. *Hart,* 72 Miss. 288, 16 So. 595. Therefore the attempted sale under the barred debt and security conferred no title upon the purchaser, nor could the sale ordered by the court to enforce the lien be valid because

the lien was extinguished and could not be revived. Taking possession of the land by the appellee under these circumstances was wrongful, and the appellee did not acquire the rights of a mortgagee in possession. The mortgage was extinguished before the possession was taken. However, if it be conceded, for the purpose of discussion, that appellee had the rights of a mortgagee in possession, still he cannot prevail against the title of a subsequent or intervening bona fide purchaser, Mrs. P. E. McDaniel, without notice. *Faxon* v. *All Persons,* 166 Cal. 707, 137 Pac. 919, L. R. A. 1916B, 1209.

We are not called upon in this appeal to decide the question of title as between the appellant Mrs. P. E. McDaniel and the appellants Talmadge McDaniel and Estes McDaniel, and therefore as to which of these appellants has a superior title to the land we do not decide, but confine the decision to the holding that the claim or title of appellee, Short, to the land in question is void as to her, because of the extinguishment of his debt and security by the statute of limitations. He having no title, he must fail in his bill for cancellation.

The decree of the lower court is reversed, and the cause remanded.

*Reversed and remanded.*