## GATES *v.* CHANDLER.

(Division A.  Feb. 3, 1936.  Suggestion of Error Overruled Mar. 16, 1936.)

[165 So. 442.  No. 32036.]

**Joe H. Ford,** of Houston, for appellant.

Fred M. Belk, of Holly Springs, for appellee.

Argued orally by **Fred M. Belk**, for appellee.

**Smith, C. J.**, delivered the opinion of the court.

On February 11, 1926, the appellant executed and delivered to the appellee a promissory note due February 11, 1927, secured by a deed of trust on land, with the usual power of sale in the trustee therein on the failure to pay the note at its maturity. The note not being paid, on February 8, 1933, three days before the note would become barred by section 2292, Code of 1930, the trustee began proceedings for the foreclosure of the deed of trust by an advertisement in a local newspaper, in accordance with the provisions of the deed of trust and section 2167, Code of 1930, setting forth that the land would be sold on March 17th. On March 15th the appellant sued out an injunction restraining the sale of the land, alleging in her bill therefor that the note secured by the deed of trust was then barred by the statute of limitations. On final hearing the injunction was vacated and the trustee authorized to proceed with the sale of the land "after having advertised . . . said property according to the law and the terms of said deed of trust."

Section 2290, Code of 1930, is as follows: "When a mortgage or deed of trust shall be given on real or personal estate, or when a lien shall be given by law to secure the payment of a sum of money specified in any writing, an action or suit or other proceedings shall not be brought or had upon such lien, mortgage, or deed of trust to recover the sum of money so secured but within the time that may be allowed for the commencement of an action at law upon the writing in which the sum of money secured by such mortgage or deed of trust may be specified; and in all cases where the remedy at law to recover the debt shall be barred, the remedy in equity on the mortgage shall be barred."

This statute first appeared as article 4 of section 1, chapter 57 of the Code of 1857, and for reasons that will

hereafter appear it will be best to begin with its then interpretation. Article 5 of the second section of chapter 57 of that Code provided a six-year period of limitation for actions on promissory notes. That Code did not, as does section 2313, Code of 1930, provide that "the completion of the period of limitation herein prescribed to bar any action, shall defeat and extinguish the right as well as the remedy." It is this provision of the Code of 1930 that requires the meaning of the statute here under consideration, as it appeared in the Code of 1857, to be first determined.

Two questions are here presented: (1) Is a proceeding to foreclose a mortgage or deed of trust by the exercise of a power of sale therein within the prohibition of the statute? If it is, then (2) is an advertisement of the sale of the property secured by the mortgage or deed of trust a proceeding "brought or had, upon such, . . . mortgage or deed of trust, to recover the sum of money" secured thereby?

The prohibition is against an "action or suit, or other proceedings," and the word "proceedings" is broad enough to cover any method of enforcing a lien, either judicial in character or in pais, and must be given that meaning here, unless the ejusdem generis rule of construction, because of its being preceded by the words "action or suit," requires it to be restricted to proceedings of a judicial character. This rule is that "where general words follow the enumeration of particular classes of persons or things, the general words will be construed as applicable only to persons or things of the same general nature or class as those enumerated." 59 C. J. 981. Like all other rules of construction, this rule is simply an aid invoked by the courts in determining the intent with which words are used and should not be applied when so to do would defeat the purpose sought to be accomplished by the use of the words, the meaning

of which is under consideration. It has no application "where the specific words embrace all objects of their class, so that the general words must bear a different meaning from the specific words or be meaningless." 59 C. J. 983; Ellis v. Murray, 28 Miss. 129. In so far as we are aware, the words "action or suit" cover every proceeding of a judicial character by which a mortgage, deed of trust, or other lien may be enforced, and therefore the words "other proceedings" would be here meaningless if restricted to proceedings of a judicial character.

If the statute should not be so construed, the foreclosure of a deed of trust by the exercise of the power of sale therein would not be within the statute's prohibition, thereby defeating the evident intention of the Legislature to bar all proceedings to enforce a mortgage deed of trust or lien when the debt secured thereby is barred.

We come then to the next question: Is an advertisement of the sale of the property secured by a mortgage or deed of trust a proceeding "brought or had, upon such, . . . mortgage or deed of trust, to recover the sum of money" secured thereby? The word "proceeding" means "an act, measure or step in a course of business or conduct." Webster's New International Dictionary (2 Ed.). An advertisement of the sale of the property secured by a deed of trust, necessary to be made for its foreclosure in pais, is undoubtedly an action or step in a proceeding to foreclose by that method.

But it is said, in effect, by counsel for the appellant that since under section 2313, Code of 1930, which did not appear in the Code of 1857, the completion of the period of limitation bars not only the remedy, but the right itself, the note secured by this mortgage became extinguished before the sale thereunder could have been made, and therefore the trustee was without right to sell the land for the payment of a debt that no longer existed. In so far as we are aware, the courts uniformly hold that

where a proceeding to enforce a mortgage, deed of trust, or other lien on property is begun within the statutory period therefor no lapse of time thereafter, in the absence of laches, will bar its prosecution to a conclusion, unless a statute otherwise provides. Moreover, the statute here under consideration must be held to have the same meaning when brought into the Code of 1930 as it had when it first appeared in the Code of 1857, unless it is manifest that the Legislature otherwise intended. The mere fact that another statute appearing in the same Code (that of 1930) provides that "the completion of the period of limitation herein prescribed to bar any action, shall defeat and extinguish the right as well as the remedy" cannot be held to so indicate.

Affirmed.