STATE *v.* MAGNOLIA BANK.

Division A. June 11, 1951.

No. 37956 (53 So. (2d) 79)

48

**John E. Stone,** Assistant Attorney General, for appellant.

Gordon & Gordon, for appellee.

**Holmes, C.**

Appellee filed its original bill in the Chancery Court of Pike County against the appellant and others seeking to confirm and quiet its asserted title to the Southwest quarter of the Southwest quarter of Section 2, and the Southeast quarter of the Northeast quarter of Section 11, Township 2, Range 9 East, Pike County, Mississippi, under a tax forfeited land patent issued to it by the State of Mississippi under date of March 30, 1939. The defendants named in the original bill, other than the State of Mississippi and the Humble Oil and Refining Company, having failed to plead to the action, a decree pro confesso was rendered against them.

The Humble Oil and Refining Company later disclaimed any interest in the subject matter of the suit and the suit was dismissed as to it.

General and special demurrers of the State of Mississippi were overruled. The State of Mississippi an-

swered, denying the power and authority of the appellee to purchase from the state the lands described as the Southwest quarter of the Southwest quarter of Section 2, Township 2, Range 9 East, and made its answer a cross-bill, praying that the said patent be cancelled and annulled insofar as the same pertains to the said Southwest quarter of the Southwest quarter of Section 2, Township 2, Range 9 East, Pike County Mississippi, and that the State of Mississippi be decreed to be the owner thereof, and praying for general relief in the event the specific relief prayed for be wrong, improper, and insufficient.

No issue or controversy was raised as to ·the lands described as the Southwest quarter of the Northeast quarter of Section 11, Township 2, Range 9 East.

The case was heard on the pleadings, stipulation of the parties, and oral and documentary proof, and a decree was rendered for the appellee dismissing the cross-bill of the State of Mississippi and confirming title to the lands in appellee and adjudging the State of Mississippi to be liable for the costs. The State of Mississippi prosecutes this appeal from said decree.

Applicable sections of the Mississippi Code of 1942 under which this action was brought are Sections 1315 and 1316 thereof, reading as follows:

"Sec. 1315. State land patents—Suits to confirm.— Any patentee, or any person, firm or corporation, claiming title or other interest in land under or through any patentee by virtue of any patent issued by the state for lands forfeited to the state for nonpayment of taxes, whether such claimant be in possession or not, or be threatened to be disturbed in his possession or not, may proceed as party complainant against the state, as a party defendant, by sworn bill in the chancery court of the county where the land, or some part thereof, is situated, to have such title or interest confirmed and quieted, and in such proceedings the summons shall be served on the attorney general in the mode prescribed by law for the service of a summons in other cases; and he shall

appear for the state, and the suit shall be proceeded with as if it were between private persons; and the answer of the state to any such bill need not be under oath or under the great seal, but shall be made by the attorney general for the state. No deraignment of complainant's title in such cases shall be required.''

"Sec. 1316. Same—duty of Attorney General—powers of court.—The attorney general, in proper cases after investigation, shall file an answer in all such cases setting up any defense on the part of the state of Mississippi, and all of the pleadings in such cases shall be the same as in other cases in chancery, and the said cause shall be heard and determined as other cases in chancery.

''The court is hereby granted large discretion and far reaching powers in the matter of establishing and fixing the validity of land patents issued by the state and title conveyed thereunder and the sound discretion of the court in deciding all such cases shall be the controlling factor in settling the issues where only state interests are involved. No decree pro confesso shall be taken against the state, but on failure of the attorney general to answer within the time required by law, the cause shall be heard on the bill and proof thereon.''

The sole authority of appellee, a banking corporation, to purchase the lands from the state and obtain the issuance of a valid patent covering the same is found in Section 1, Chapter 79, Mississippi Laws of 1938, Extraordinary Session, (now Section 4109 of the Mississippi Code of 1942) reading as follows: ''Neither a corporation (except as herein provided) nor a nonresident alien, nor any association of persons composed in whole or in part of nonresident aliens, shall directly or indirectly, purchase or become the owner of any of the public lands; and every patent issued in contravention hereof shall be void. Provided, however, that a banking corporation owning such tax forfeited lands or holding a mortgage or deed of trust thereon at the time of the sale to the state and whose mortgage or deed of trust is still in force and

effect, may purchase such lands, regardless of acreage, owned by it as aforesaid or on which it held a mortgage or deed of trust; provided, further, that in event of a purchase by such corporation as a mortgagee such lands shall be held for the benefit of the mortgagor subject to all the terms and conditions of the mortgage or deed of trust held by the purchasing banking corporation and upon payment of the debt secured by such mortgage or deed of trust, together with interest and incidents, such banking corporation shall in that event reconvey such lands to the original mortgagor, his heirs or assigns.''

 █ It is accordingly essential to the validity of appellee's asserted tax forfeited land patent as to the land here in controversy that it appear (1) that appellee owned the tax forfeited land or held a mortgage or deed of trust thereon at the time of the sale, or (2), if holding a mortgage or deed of trust thereon, that such mortgage or deed of trust was still in force and effect at the time of the application to purchase. It is not claimed by appellee that it owned the land at the time of the sale to the state. The sole claim of appellee is that it had a mortgage or deed of trust on the land at said time and that such mortgage or deed of trust was in full force and effect at the time of the application to purchase.

The facts of the case are undisputed and appear affirmatively in the record. On February 11, 1931, one H. M. Lee, who was then the owner of the land here involved, executed a deed of trust to appellee on the Southwest quarter of the Northeast quarter of Section 11, and the Southeast quarter of the Southwest quarter of Section 2, Township 2, Range 9 East, Pike County, Mississippi, to secure an indebtedness of $2,283.01, evidenced by a note due October 1, 1931. The description in the deed of trust reading the Southeast quarter of the Southwest quarter of Section 2, Township 2, Range 9 East, was a mistake and was intended to read the Southwest quarter of the Southwest quarter of Section 2, Township 2, Range 9 East. Lee owned the Southwest quarter of the South-

west quarter of Section 2, Township 2, Range 9 East, and it was the only land which he owned in said Section 2. He did not own the Southeast quarter of the Southwest quarter of said Section 2. On September 18, 1933, the lands described as the Southeast quarter of the Northeast quarter of Section 11, and the Southwest quarter of the Southwest quarter of Section 2, Township 2, Range 9 East, then assessed to and owned by H. M. Lee, were sold to the state for the non-payment of taxes thereon for the year 1932, and not being redeemed, the title thereto matured in the state. Before the expiration of the period of redemption, appellee knew of the erroneous description in its deed of trust and purposely refrained from redeeming the lands after investigating the value thereof and determining that they were not worth the cost of redemption. In August 1936, appellee attempted to foreclose its said deed of trust and was enjoined by the mortgagor from so doing under the moratorium statute, subject to certain requirements of the mortgagor as to payments. The mortgagor having failed to meet the requirements as to payments, appellee foreclosed its deed of trust on November 30, 1936, and sold the lands as described in the deed of trust and became the purchaser thereof for the sum of $600. Following the foreclosure of the deed of trust, the appellee went into possession of the lands described as the Southeast quarter of the Northeast quarter of Section 11 and the Southwest quarter of the Southwest quarter of Section 2, Township 2, Range 9 East. At the time of the foreclosure sale, appellee was still cognizant of the erroneous description in the deed of trust. No proceedings were ever undertaken by appellee to reform the deed of trust so as to correct the description therein. On January 31, 1939, appellee, claiming as mortgagee under and by virtue of the said deed of trust executed to it by H. M. Lee on February 11, 1931, made application to purchase the lands from the state and on March 30, 1939, obtained the tax forfeited land patent here involved.

It is the contention of appellee that it was the holder of an equitable mortgage on the said land here in controversy and as such, had the right to purchase the same from the state.

On the other hand, it is contended by appellant, among other contentions, that even assuming that a banking corporation as the holder of an equitable mortgage on lands sold to the state for taxes has the right to purchase the same from the state, yet on the date appellee applied to purchase the property from the state, to wit: January 31, 1939, appellee's remedy at law to recover the debt was barred by the statute of limitations and the remedy in equity on the asserted mortgage was likewise barred, and the asserted mortgage of appellee was thereby rendered not in force and effect at the time appellee applied to purchase the land, and, therefore, appellee was without right or authority to purchase the same. In making this contention, the following statutes of limitation are relied upon by appellant:

Section 719, Code of 1942.

"When a mortgage or deed of trust shall be given on real or personal estate, or when a lien shall be given by law to secure the payment of a sum of money specified in any writing, an action or suit or other proceedings shall not be brought or had upon such lien, mortgage, or deed of trust to recover the sum of money so secured but within the time that may be allowed for the commencement of an action at law upon the writing in which the sum of money secured by such mortgage or deed of trust may be specified; and in all cases where the remedy at law to recover the debt shall be barred, the remedy in equity on the mortgage shall be barred."

Section 722, Code of 1942.

"All actions for which no other period of limitation is prescribed shall be commenced within six years next after the cause of such action accrued, and not after."

Section 743, Code of 1942.

"The completion of the period of limitation herein prescribed to bar any action, shall defeat and extinguish the right as well as the remedy; but the former legal obligation shall be a sufficient consideration to uphold a new promise based thereon."

We think the foregoing contention of appellant is sound. ▮▮ Regardless of the question as to whether or not a banking corporation, holding an equitable mortgage on lands sold to the state for taxes, has the right to purchase such lands from the state under Section 4109 of the Mississippi Code of 1942, which question we do not decide, it is clear from the facts appearing affirmatively in the record that at the time appellee applied to purchase the lands from the state its debt was barred and its remedy on its mortgage was likewise barred, and that both the debt and the mortgage, whether legal or equitable, were wholly extinguished, and, therefore, not then in force and effect. In the case of Perkins v. White, 208 Miss. 157, 43 So. (2d) 897, 899, this Court held that where notes secured by a deed of trust became due on September 1, 1929, and within six years following there was no renewal or institution of foreclosure proceedings, the remedy on the deed of trust became barred under the six-year statute of limitations and the power of sale and all other rights conferred by the deed of trust were destroyed and the relationship of mortgagor and mortgagee was terminated. The Court said, referring to Sections 719 and 743 of the Mississippi Code of 1942: "Under these statutes the remedy on the deed of trust became not only barred but completely extinguished on September 1, 1935, and, in the absence of a renewal, or institution of foreclosure proceedings, the power of sale and all other rights conferred by the deed of trust were utterly destroyed on that date. Musser v. First National Bank of Corinth, 165 Miss. 873, 147 So. 783, and numorous authorities therein cited. See also McDaniel v. Short, 127 Miss. 520, 90 So. 186; and Gates v. Chandler, 174 Miss. 815, 165 So. 442. We are, therefore, of the opinion that the rela-

tionship of mortgagor and mortgagee terminated on September 1, 1935, and that appellee's acquisition of a tax title in 1939 did not inure to the benefit of the mortgagors or their grantees for the reason that there then no longer existed any fiduciary relationship between them."

Since it affirmatively appears that appellee was not the holder of a mortgage or deed of trust which was still in force and effect at the time of its application to purchase, it was without authority to purchase under the statute Section 4109 of the Mississippi Code of 1942, and hence the patent issued in contravention of the statute is void as to the land here in controversy.

It is argued by appellee, however, that effect should not be given to the bar of the statute of limitations in the absence of a specific plea of the statute. The argument is without force in the instant case. The action here is brought under Sections 1315 to 1321 of the Mississippi Code of 1942. Under Section 1316 of said code, it is provided that no decree pro confesso can be taken against the state for failure to answer, and that even in the absence of an answer by the state, the case shall be heard on the bill and proof thereon. Since it affirmatively appears from the proof that appellee was not the holder of a mortgage or deed of trust at the time of its application to purchase, because the same was wholly extinguished by the bar of the statute of limitations, it devolves upon the court under the express provisions of the statute to give effect to such proof.

Appellee further seeks to invoke the rule that even where the debt secured by a mortgage is barred by the statute of limitations, the mortgagee cannot be deprived of possession by the mortgagor until the debt is paid. This, however, is not a contest between the mortgagor and the mortgagee for the possession of the land and the rule invoked by appellee has no application to the case at bar.

It is also contended by appellee that by the payment of taxes on certain of the lands in its deed of trust, it became subrogated to the state's lien for taxes and that the deed of trust was thereby continued in force. Without commenting or passing upon the question of the right of a banking corporation to qualify to purchase state lands under Section 4109, supra, as the holder by subrogation of the proof shows that appellee, prior to its application to purchase, purposely refrained from paying taxes on the land here in controversy, and in fact, no taxes accrued thereon while title thereto was in the state.

It is further argued by appellee that it was the duty of the court under Section 1317 of the Mississippi Code of 1942 to enter a decree validating the patent because no fraud is shown in its procurement. It may be conceded that there was no fraud in the procurement of the patent, and yet the court was not warranted in declaring valid that which was void because in contravention of Section 4109, supra. Appellee was wholly without authority to purchase the land from the state unless it held a mortgage or deed of trust on the land which was in force and effect at the time of the application. The proof shows affirmatively that appellee was not within the provisions of the statute. It is manifest that in the enactment of Section 1317, supra, it was not the intention of the legislature that said section would in any manner affect said Section 4109. In fact, it was held by this Court in State v. Roell, 192 Miss. 873, 7 So. (2d) 867, that said Section 1317 leaves in full force and effect said Section 4109. Under the provisions of said Section 4109 and under the facts as they affirmatively appear in this record, appellee was not authorized to purchase from the state the land here in controversy and the patent issued to it, insofar as it pertains to said land, is in contravention of the statute, and, therefore, void.

 We think the record does not disclose a state of facts which would warrant the forfeiture to the state of the monies and fees paid by appellee for the purchase of the land as to which the patent is here held to be void.

In view of our conclusion, we deem it unnecessary to discuss any of the other questions raised on this appeal.

Accordingly, the decree of the court below is reversed insofar as it pertains to the land described as the Southwest quarter of the Southwest quarter of Section 2, Township 2, Range 9 East, Pike County, Mississippi, and insofar as it adjudges appellant liable for court costs, and a decree is entered here for appellant cancelling and annulling the said patent as to the said Southwest quarter of the Southwest quarter of Section 2, Township 2, Range 9 East, Pike County, Mississippi.

Reversed in part and decree here for appellant.

PER CURIAM.

The above opinion is adopted as the opinion of the Court, and for the reasons therein indicated, the decree of the court below is reversed in part and decree here for appellant.