ALTA WOODS PARK, INC. *v.* CENTRAL SURETY & INSURANCE CORP.

Mar. 10, 1952.

No. 38268 (57 So. (2d) 300)

Alexander & Alexander, for appellant.

576

Watkins & Eager, for appellee.

Hall, J.

This suit presents the question whether appellant has an implied lien on four lots in Alta Woods Park Subdivision for a balance due on the purchase price thereof. These lots were sold by appellant to Mrs. Marcia C.

Blumer on November 8, 1939, and the balance of the purchase money was due in eighteen monthly installments, seventeen being for $65.62 each, the last being due on June 1, 1941 for $65.71. They were secured by a deed of trust duly recorded.

Mrs. Blumer defaulted in the payment of a portion of the notes and she owed a balance of $341.67 principal thereon as of February 8, 1944. The notes became barred by the statute of limitation on June 1, 1947. Section 722, Code of 1942. The deed of trust likewise became barred on that date and was completely extinguished on December 1, 1947, for the reason that no renewal or extension thereof was noted upon the margin of the record thereof prior to that date. Section 875, Code of 1942; Perkins v. White, 208 Miss. 157, 43 So.(2d) 897; Musser v. First National Bank of Corinth, 165 Miss. 873, 147 So. 783; Proctor v. Hart, 72 Miss. 288, 16 So. 595. Prior to the running of said statutes appellant did nothing toward enforcing its security or payment of the balance due on the notes.

On September 10, 1948, after the notes had become barred and the security of the deed of trust extinguished, Mrs. Blumer conveyed the lots to Garber-Brooks Construction Company. Her deed made no mention of the notes or deed of trust to appellant but did contain this provision: "Grantee assumes and agrees to pay any and all outstanding indebtedness against the lands above described secured by instruments of writing of record in the aforesaid office of the chancery clerk."

Garber-Brooks Construction Company gave a deed of trust on these lots to E. R. Prenshaw on August 24, 1949, and the same was assigned by Prenshaw to appellee herein on December 7, 1949, by entry on the margin of the record thereof. In 1950 this deed of trust was foreclosed and the property was conveyed by the trustee to appellee on March 21, 1950.

Thereafter, on November 9, 1950, appellant filed this suit, admitting that its deed of trust was barred, but

contending that the above mentioned provision in the deed from Mrs. Blumer to Garber-Brooks renewed the indebtedness and created an implied vendor's lien on the property in favor of appellant which is prior in right to all claims of appellee, and a foreclosure of this alleged implied vendor's lien was sought. The chancellor denied the relief prayed for and dismissed the bill, and in this we think he was correct.

What Garber-Brooks assumed by acceptance of the deed, and all that it did assume, was the ''outstanding indebtedness' against the land secured by instruments of writing recorded in the chancery clerk's office. In 67 C.J.S. p. 540, the first definition given of the word ''outstanding'' is ''that stands over or continues in existence'' and the last definition given by the text is ''constituting an effective obligation.'' In Ford v. Mutual Life Insurance Co. of New York, 194 Miss. 519, 527, 13 So. (2d) 45, we held that an ''indebtedness'' must be something owing *in praesenti* and must be of such nature that its payment could be enforced in a court of competent jurisdiction. Furthermore, under the provisions of this deed the ''outstanding indebtedness'' assumed by the grantee was only such as was ''secured by instruments of writing'' etc. On the date of the deed there was nothing secured because the deed of trust was then dead and ineffective. From the foregoing authorities it is clear that the notes from Mrs. Blumer to appellant did not on September 10, 1948, or on November 9, 1950, constitute an effective obligation which could be enforced in a court of competent jurisdiction, and, moreover, that the security of the deed of trust had already been completely extinguished more than a year before Mrs. Blumer's conveyance to Garber-Brooks and more than three years before institution of this suit. There was no relation of vendor and vendee between appellant and Garber-Brooks nor was the quoted provision in the deed sufficient to constitute an extension of the indebtedness, and we are of the opinion that the chancellor correctly declined to

establish an implied lien upon the property. The decree will therefore be affirmed.

Affirmed.

**McGehee, C. J.,** and **Kyle, Holmes** and **Ethridge, JJ.,** concur.