259 So.2d 696 (1972)
Ivor Sue HAWKINS
v.
SOUTHERN PIPE AND SUPPLY CO., Inc.
No. 46575.
Supreme Court of Mississippi.
March 20, 1972.
Rehearing Denied April 10, 1972.
Harold Noe, Bourdeaux & Jones, Meridian, for appellant.
Thomas K. Holyfield, Irvin L. Martin, Jr., Meridian, for appellee.
ROBERTSON, Justice:
Standard Life Insurance Company of the South filed a bill of interpleader in the Circuit Court of Lauderdale County, and paid into the registry of the court $9,325.18, the net proceeds of a $5,000.00 life insurance policy with double indemnity clause attached, on the life of Sam E. Hawkins, deceased.
Two claimants were interpleaded. One was Ivor Sue Hawkins, the named beneficiary in the policy of insurance when it was issued on June 18, 1958, who had been divorced from the insured Hawkins some years before his death.
The other claimant was Southern Pipe and Supply Company, Inc., who had possession of the policy at the time of Hawkins' accidental death on May 8, 1970, by virtue of an assignment dated July 30, 1958, from Hawkins to Southern Pipe. The assignment was on a regular form furnished by Standard Life, which was styled "ASSIGNMENT OF POLICY AS COLLATERAL SECURITY".
This assignment recited as the condition upon which it was issued:
"Upon condition that this assignment is intended to secure such indebtedness of the insured to the Assignee as may exist at the time of settlement under this Policy, and this assignment is expressly limited to such of the proceeds under the Policy as may be necessary to liquidate said indebtedness, the remainder of the Policy being unaffected hereby. Upon payment of the obligation hereby secured, this assignment shall become null and void upon notice of such payment in writing to STANDARD LIFE INSURANCE COMPANY OF THE SOUTH." (Emphasis added).
*697 Claimant Hawkins answered the claim of Southern Pipe including in her answer a plea in bar and an affirmative defense of the statute of limitations. She contended in these pleas that no indebtedness existed from Hawkins to Southern Pipe at the time of his death, and she, as the named beneficiary in the policy, was entitled to the proceeds.
The circuit judge, sitting as judge and jury, found that the indebtedness of Hawkins to Southern Pipe was barred by the statute of limitations, but that the statute of limitations did not apply because the assignment was in effect a pledge and, inasmuch as Southern Pipe had possession of the policy, that it was entitled to the proceeds of the policy paid into court.
The Mississippi statute, § 743 Mississippi Code 1942 Annotated (1956), is different from that of most of the other states in that the right as well as the remedy is defeated and extinguished. § 743 provides:
"The completion of the period of limitation herein prescribed to bar any action, shall defeat and extinguish the right as well as the remedy; but the former legal obligation shall be a sufficient consideration to uphold a new promise based thereon." (Emphasis added).
We repeat the purpose of the assignment as expressly stated in it: "[T]his assignment is intended to secure such indebtedness of the insured to the Assignee as may exist at the time of settlement under this Policy, ..." If the right is defeated and extinguished, and the statute plainly says it is, then there was no indebtedness existing at the time of the death of Hawkins.
In Proctor v. Hart, 72 Miss. 288, 16 So. 595 (1895), this Court commented on the wording of the statute before 1880 and as it was amended to read after 1880. Section 2685, Code of 1880, is exactly the same as Section 743, Mississippi Code 1942 Annotated. In Proctor, this Court said:
"The change wrought by this new statute is radical. Not only the remedy is denied, the action barred, but the right itself is extinguished upon the completion of the period of limitation. The remedy and the right, whatever it was, are alike destroyed. There remains nothing to revive... . The extinguished right, the original debt and all its incidents, as well as the lost remedy, are all destroyed, upon the completion of the period of limitation, under our present statute." (Emphasis added). 72 Miss. at 290-291, 16 So. at 596.
In the later case of Greene v. Greene, 145 Miss. 87, 110 So. 218 (1926), this Court again commented on the difference between the Mississippi statute and that of other states:
"At common law, and under the statutes of most states, the statute of limitation does not extinguish the debt, but merely bars the remedy by which the debt may be collected or enforced. When such is the case, the debt continues to exist, and may be charged against the child in the division of an estate; but, where the debt itself is extinguished by the statute of limitation, as it is in our state, the account ceases to be a debt. It is completely extinguished by the statute of limitation, and can only serve as a legal consideration for a new promise based thereon." (Emphasis added). 145 Miss. at 113, 110 So. at 222-223.
In the case at bar, it was not contended that there was a new promise based on the former legal obligation.
In Perkins et al. v. White, 208 Miss. 157, 43 So.2d 897 (1950), there was involved a promissory note, the payment of which was secured by a deed of trust on real property. This Court found:
"The note which was secured by the deed of trust in this case fell due on September 1, 1929. By Section 722 of the Mississippi Code of 1942 it became *698 barred by limitation upon the expiration of six years thereafter, or on September 1, 1935." 208 Miss. at 163-164, 43 So.2d at 898.
After citing § 743, the Court ruled:
"Under these statutes the remedy on the deed of trust became not only barred but completely extinguished on September 1, 1935, and, in the absence of a renewal, or institution of foreclosure proceedings, the power of sale and all other rights conferred by the deed of trust were utterly destroyed on that date. Musser v. First National Bank of Corinth, 165 Miss. 873, 147 So. 783, and numerous authorities therein cited. See also McDaniel v. Short, 127 Miss. 520, 90 So. 186; and Gates v. Chandler, 174 Miss. 815, 165 So. 442. We are, therefore, of the opinion that the relationship of mortgagor and mortgagee terminated on September 1, 1935, ..." (Emphasis added). 208 Miss. at 164, 43 So.2d at 899.
If the relationship of mortgagor and mortgagee was terminated upon the running of the statute in Perkins, then the relationship of debtor and creditor was terminated upon the running of the statute in this case, and there was no indebtedness existing "at the time of settlement under this Policy." Thus the condition under which the assignment was given, and indeed the assignment itself, expired under its own express terms.
We find that the assignee, Southern Pipe, was not entitled to the interpleaded funds, and that Mrs. Hawkins, as the named beneficiary in the policy of insurance, was entitled to the net proceeds of the policy.
The judgment in favor of Southern Pipe is, therefore, reversed and judgment entered here for Mrs. Hawkins.
Reversed and rendered.
RODGERS, P.J., and PATTERSON, INZER and SMITH, JJ., concur.